IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNESTO ESPINOZA,

        Petitioner,                    No. CIV S-11-0461 GGH P

    vs.

RICK HILL,

        Respondent.              <u>ORDER</u>

_____/

<u>Introduction</u>

        Petitioner, a state prisoner proceeding through counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent's motion to dismiss, filed on July 28, 2011, came on for hearing on November 17, 2011. Petitioner was represented by Justin Mixon, and Jennifer Poe appeared for respondent.

        Petitioner, along with a co-defendant, was convicted of robbery and was sentenced on August 24, 2007 to a state prison term of fourteen years: two years for robbery, in addition to a ten-year gang enhancement and a two-year firearm enhancement. Petitioner challenges his conviction and sentence on the following three grounds: 1) insufficient evidence the taking was accomplished by force or fear such that robbery conviction should be reversed; 2) insufficient evidence that the offense was committed with the specific intent to

promote/further/assist criminal conduct by gangmembers; 3) insufficient evidence of gang's primary activities for gang enhancement.   See Petition.

Motion to Dismiss

*Argument*

Respondent sought dismissal of the mixed petition as containing two unexhausted grounds,[1] with the alternative of proceeding as to ground one, the only claim respondent conceded as exhausted.  See Motion to Dismiss.  In response, petitioner did not dispute that grounds two and three were unexhausted, but sought a stay pursuant to Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005).   Petitioner claimed good cause for the failure to exhaust in that the failure allegedly occurred through no fault of his own, petitioner's state appellate counsel having apparently represented to both petitioner and his retained habeas counsel that all three claims that had been raised before the Third District Court of Appeal had also been filed in a petition for review to the California Supreme Court (or at least petitioner and his counsel had drawn that inference based on what the state appellate attorney had communicated).  See Response (in the form of a Motion to Stay).  Petitioner also argued that the unexhausted grounds have merit and that he had not been intentionally dilatory.  See id.   In reply, respondent contended, inter alia, that good cause had not been shown for the failure to exhaust and pointed out that petitioner could have filed a protective in federal court petition within AEDPA's statute of limitations.  See Reply.

*Analysis/Conclusion*

As noted in Pace v. Diguglielmo, 544 U.S. 408, 416, 125 S. Ct. 1807 (2005), a

---

[1] The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

2

petitioner may file a "protective" petition in federal court asking the court for a stay and abeyance while he seeks exhaustion of state court remedies; however, under Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 1535 (2005), a stay and abeyance of a mixed federal petition - - that is, a petition containing both exhausted and unexhausted claims - - should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. At the hearing, petitioner's counsel recognized that the Ninth Circuit had resolved the question of whether petitioner's (or his retained habeas counsel's) mistaken belief that petitioner's appellate counsel had exhausted all claims simply did not rise to the level of good cause for a stay under Rhines. Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008) (petitioner being "under the impression" his counsel had included all issues raised in the California Court of Appeal in the petition before California Supreme Court does not constitute "good cause" for failing to exhaust under Rhines). Thus, a Rhines stay must be denied.

Petitioner was presented with the alternative procedure of a stay of an exhausted-claims-only petition pursuant to King v.Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003)). He was cautioned, *inter alia*, that if he used the Kelly procedure, he would only be able to amend unexhausted claims into a further amended federal petition upon state court exhaustion if those claims were determined to be timely, King, supra, 564 F.3d at 1140-41.

Petitioner had a third alternative - - to forego seeking a stay and to proceed immediately only as to the exhausted claim in this court. Petitioner's counsel elected to proceed by way of the Kelly/King stay procedure to which respondent's counsel expressly stated no objection.

Accordingly, IT IS ORDERED that:

1. Respondent's motion to dismiss the mixed petition, filed on July 28, 2011

(docket # 17), is granted to the extent that the unexhausted grounds two and three are stricken from the petition without prejudice to refiling; thus, this matter is no longer a mixed petition;

2. Petitioner's motion for a stay, filed on November 3, 2011 (docket # 21), pursuant to Rhines is denied, but a Kelly/King stay is hereby imposed in this matter as to ground one;

3. Petitioner is directed to file a petition, within thirty days of the date of the hearing in this matter, in the state Supreme Court seeking to exhaust grounds two and three stricken from the federal petition; petitioner must thereafter file an amended petition in this court containing all exhausted claims within thirty days of a decision by the California Supreme Court;[2]

4. Pursuant to the stay in this matter, this case is administratively closed.

DATED: November 21, 2011

   /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
espi0461.mtd

---

[2] As stated at the hearing, should the state's highest court direct petitioner back to superior court, petitioner must follow any such direction and exhaust the route as directed by the state courts before filing any amended petition in this court.

4