IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNESTO ESPINOZA,

    Petitioner,             No. 2: 11-cv-0461 GGH P

  vs.

RICK HILL, Warden,

    Respondent.          ORDER

_____/

Introduction & Background

        Petitioner is a state prisoner proceeding with retained counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Respondent's motion to dismiss, filed on August 31, 2012, came on for hearing before the undersigned on October 18, 2012.[2] Justin Mixon and Chet Templeton appeared for petitioner; Jennifer Poe represented the respondent.

        This habeas matter was stayed as to ground one pursuant to the procedure set forth in King v.Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003)), by Order filed on November 21, 2011, permitting petitioner to exhaust the second and

---

[1] The parties have consented to the jurisdiction of the undersigned.

[2] Plaintiff's opposition was filed on October 11, 2012, followed by respondent's reply on October 15, 2012.

1  third of his three claims.  The stay was lifted by <u>Order</u>, filed on June 5, 2012, petitioner having
2  filed an amended petition, on May 16, 2012, containing all three of his claims.  In the amended
3  petition, the following claims are set forth: 1) "robbery conviction must be reversed for
4  insufficient evidence as the taking was not accomplished by force or fear"; 2) "insufficient
5  evidence to support jury's findings that the offense was committed with the specific intent to
6  promote, further, or assist in any criminal conduct by gang members"; 3) "gang enhancement
7  under [Cal. Pen. Code] § 186.22(B)(1) must be reversed for insufficient evidence of the gang's
8  primary activities."  Amended Petition (AP), pp. 2,[3] 18, 25, 40.

<u>Motion to Dismiss</u>

Respondent moves for dismissal of claims two and three on the ground that they were filed outside the one-year AEDPA statute of limitations.  Motion to Dismiss (MTD), pp. 1-8.

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

---

[3] The court's electronic docket system's pagination is referenced.

1  diligence.

2  Under 28 U.S.C. § 2244(d)(2):

3  The time during which a properly filed application for State post-
conviction or other collateral review with respect to the pertinent
4  judgment or claim is pending shall not be counted toward any
period of limitation under this subsection.

5

6  In 2007, petitioner was convicted of robbery, with enhancement allegations that

7  the crime was committed in association with a street gang, a principal was armed with a firearm

8  and petitioner had a firearm on his person or in a vehicle, for which he was sentenced to a term of

9  fourteen years in state prison. MTD, p. 2; Amended Petition (AP), p. 9.  Following petitioner's

10  timely appeal to the Third District Court of Appeal, the appellate court affirmed the judgment on

11  December 3, 2009.  MTD, p. 2, Respondent's Lodged Document (hereafter, Lodged Doc.) 1

12  (unpublished appellate court opinion).[4]  Petitioner's petition for review to the state Supreme

13  Court was denied on February 18, 2010.  MTD, p. 2, Lodged Docs. 2 (petition for review) and 3

14  (California Supreme Court postcard denial).

15  As respondent argues, following the denial of petitioner's petition for review on

16  direct appeal on May 19, 2010, petitioner's conviction became final ninety days later, on May 19,

17  2010.  MTD, p. 2; Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) ("holding] that the

18  period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the [ninety-day] period within

19  which a petitioner can file a petition for a writ of certiorari with the United States Supreme

20  Court, whether or not the petitioner actually files such a petition.").  The statute of limitations

21  began to run the day after the date of final conviction, on May 20, 2011.  MTD, pp. 2-3, citing

22  Patterson v. Stewart, 252 F.3d 1243, 1246 (9th Cir. 2001).  Thus, petitioner had until May 19,

23  2011, to file the instant petition, absent any applicable time for tolling.

24  \\\\\

25  ------------------------

[4] See also, respondent's Lodged Docs. 4 (opening brief on appeal), 5 (respondent's brief),
26  6 (appellant's [petitioner here] reply brief)

3

1   Petitioner did file his original petition in this court timely on Feb. 18, 2012.
2 Docket # 1. However, respondent's initial motion to dismiss, filed on the grounds that claims
3 two and three were unexhausted was granted and these two claims were stricken; petitioner's
4 motion for a stay was granted as to claim one, as noted above, pursuant to Kelly/King. See
5 Order, filed on Nov. 11, 2011. Petitioner was directed, within thirty days, to file an exhaustion
6 petition as to claims two and three and to file an amended petition within thirty days of the
7 decision by the state Supreme Court. See id. The state Supreme Court petition for writ of habeas
8 corpus was filed on Dec. 19, 2011, and denied on April 18, 2012. MTD, p. 3, Lodged Docs. 7
9 and 8. Petitioner, as noted above, filed his amended petition on May 16, 2012, and the stay was
10 lifted, by order filed on June 5, 2012.

11   Petitioner was specifically cautioned in the order imposing the stay "that if he
12 used the Kelly procedure, he would only be able to amend unexhausted claims into a further
13 amended federal petition upon state court exhaustion if those claims were determined to be
14 timely, King, supra, 564 F.3d at 1140-41." Order, filed on Nov. 21, 2011, p. 3. This is so
15 because Section 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the
16 limitation period once it has run (i.e., restart the clock to zero). Thus, a state court habeas
17 petition filed beyond the expiration of AEDPA's statute of limitations does not toll the limitation
18 period under § 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003);
19 Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Moreover, the filing of the original federal
20 habeas petition did not toll the AEDPA statute of limitations as to then unexhausted claims two
21 and three, thus the statute of limitations as to those claims expired on May 19, 2011. Duncan v.
22 Walker, 533 U.S. 167, 121 S. Ct. 2120 (2002). As noted, the amended petition was not filed
23 until May 16, 2012, nearly a year beyond the expiration of the statute.

24   Thus, claims two and three can only be deemed timely if they relate back to claim
25 one. Respondent contends that claims two and three do not relate back to the timely filed claim
26 one, while petitioner maintains that claim two does relate back to claim one and while claim

4

three does not relates back to claim one, it should be deemed timely as relating back to claim two.

Rule 15(c) of the Federal Rules of Civil Procedure states, in relevant part, that relation back of an amendment "to the date of an original pleading" occurs when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading... ." Fed. R. Civ. P. 15(c)(1)(B). "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Mayle v. Felix, 545 U.S. 644, 664, 125 S. Ct. 2562, 2574 (2005). However, "[a]n amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Id. at 650. 125 S. Ct. at 2566; Hebner v. McGrath, 543 F.3d 1133, 1134 (9th Cir. 2008) (when the limitations period has run "a new claim in an amended petition relates back to avoid a limitations bar...only when it arises from the same core of operative facts as a claim contained in the original petition. It is not enough that the new argument pertains to the same trial, conviction, or sentence.").

It is respondent's position that while all of petitioner's claims challenge the sufficiency of the evidence, claims two and three do not relate to claim one because the arguments for the second and third claims are distinct from the argument for claim one and do not arise from the same operative facts. MTD, pp. 6-7. Respondent argues that the analysis of claims two and three concerning the gang enhancement elements rests on an examination of the expert testimony of Ronald Aurich "who testified at the trial as to petitioner's membership in the Howe Park Surenos, his companions' membership in the same criminal street gang, the purpose of the Howe Park Surenos, prior crimes committed by the gang, and whether in his opinion the Target robbery was committed for the benefit of the Sureno gang." MTD, pp. 6-7, citing Lodged Doc. 1. Thus, according to respondent, claims two and three do not relate back to the due process violation alleged in the challenge of claim one to the sufficiency of the evidence in

support of the force or fear element of robbery, the primary offense, which requires examination of the facts of what occurred after the clothing had been taken without payment, when a gun was fired in the store's parking lot by either petitioner or a companion after they were followed into the parking lot by store employees. MTD, p. 6.

Counsel for petitioner at oral argument conceded that he was incorrect in having asserted in the written opposition that the court had previously found good cause for the failure to exhaust claims two and three in imposing the stay.[5] However, petitioner does maintain that claims two and three do relate back to the date of the original petition by relating back to claim one. Opposition (Opp.), pp. 3-5. Petitioner argues that his claims of insufficient evidence that the robbery was committed with the specific intent to promote, further or assist in any criminal conduct by gang members (claim two) and that there was insufficient evidence to support the enhancement based on primary activities of the gang (claim three) relates back to claim one, alleging insufficient evidence with respect to the force or fear element of the robbery conviction because all claims challenge the sufficiency of the evidence, "involve issues that were raised during the course of the trial, and are significantly factually intertwined." Opp., p. 4. Petitioner states that claim two pre-supposes the facts of the robbery (claim one) to be true, and that the prosecution asked the prosecution's gang expert witness, for the purpose of proving claims two and three, "to assume the specific facts of the purported robbery and all the facts surrounding the robbery (claim [one]) to be true." Id., at 5. Although, petitioner argues, the fact that the three pairs of pants that were taken were blue was, petitioner asserts, the "heavy" or "only factor" relied on by the gang expert, the expert stated "repeatedly" that the "totality of the robbery (theft) circumstances" that permitted him to ultimately conclude that the offense was done for the

\\\\\

---

[5] Of course, as stated above, petitioner was alerted that imposition of the Kelly/King stay would allow an amended federal petition upon state court exhaustion of the previously unexhausted claims if they could be found to be timely.

benefit of the gang.  Id.; see AP, pp. 34-36.[6]  Thus, according to petitioner, within his testimony it is the totality of the circumstances having to do with the factual basis of robbery, at issue in claim one.  Opp., p. 5.  In both written and oral argument, specifically as to claim three, counsel for petitioner sought to link claim two to claim one, essentially making an argument that claim three, linked to claim two, should piggyback its way into relating back to claim one.

Respondent concedes that the prosecution's gang expert relied on the color of the three pairs of pants stolen as evidence that the robbery was committed with the specific intent to promote, further or assist in criminal conduct by gang members, but asserts that this fact is one of a number of others relied on for the purpose and that one fact, which bears no relationship to claim three, is not adequate for claim two to relate back to claim one.  Reply, p. 3.  However, as to this point, respondent appears to misconstrue petitioner's argument as further clarified at oral argument which is not that the color of the pants was the only fact relied on by the expert inasmuch as the reference to the totality of the circumstances of the robbery (claim one) allegedly invoked by the gang expert was relied on in making his determination that crime was committed to further the gang's criminal conduct (claim two).

Both parties rely on Mayle, with petitioner seeking to distinguish the facts of Mayle (Opp.,p. 4), wherein the Supreme Court found that a Fifth Amendment claim (allegedly coerced statement made during police interrogation pretrial admitted at trial) did not relate back to the original claim of a Sixth Amendment confrontation clause violation (videotaped statements of a prosecution witness in jailhouse interview admitted at trial to show witness's prior inconsistent statement), determining that the two claims, differing "in 'both time and type,'" did not share "a common core of operative facts," 545 U.S. at 657, 664, 125 S. Ct. 2562.  Instead, petitioner analogizes the instant case to two cases, noted in Mayle, in which relation back was permitted.  Opp., pp. 4-5, citing Mandacina v. United States, 328 F.3d 995, 1000-1001

---

[6] Petitioner referenced the original petition, but the court has located the corresponding portion within the amended petition.

(9th Cir. 2003); Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001).  These cases were referenced in footnote 7 as follows:

> For example, in *Mandacina v. United States*, 328 F.3d 995, 1000-1001 (C.A.8 2003), the original petition alleged violations of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), while the amended petition alleged the Government's failure to disclose a particular report.  Both pleadings related to evidence obtained at the same time by the same police department.  The Court of Appeals approved relation back.  And in *Woodward v. Williams*, 263 F.3d 1135, 1142 (C.A.10 2001), the appeals court upheld relation back where the original petition challenged the trial court's admission of recanted statements, while the amended petition challenged the court's refusal to allow the defendant to show that the statements had been recanted.  See also 3 J. Moore, et al., Moore's Federal Practice § 15.19[2], p. 15-82 (3d ed.2004) (relation back ordinarily allowed "when the new claim is based on the same facts as the original pleading and only changes the legal theory").

Mayle v. Felix, 545 U.S. at 664, n. 7; 125 S. Ct. at 2575, n. 7.

While petitioner is correct that his claims do not implicate differing constitutional claims as in Mayle, it appears that respondent has the more persuasive argument inasmuch as the second and third claims do not serve to "amplify or clarify" the first claim and require for their support facts that differ from claim one in time and type.  Although respondent was unable to locate a case precisely on point with respect to the relation back principle involving different claims all alleging insufficiency of the evidence, and while there is some inevitable overlap between the circumstances of the robbery itself and the second claim, the facts required to support a claim that the evidence was insufficient to support the force or fear element of robbery are indeed distinct from those necessary to support both a claim of insufficient evidence to support a claim that the offense was committed with the specific intent to promote, further, or assist criminal conduct by gang members and a claim that there insufficient evidence of the gang's primary activities.  The facts of claim one do not implicate the facts of the gang expert witness evidence while claims two and three plainly do.  See Schneider v. McDaniel, 674 F.3d 1144, 1151 (9th Cir. 2012) (that amended theory shares one fact with original theory is not

1 sufficient to show that they "arise out of a common core of operative facts." [Emphasis in
2 original]).
3       Accordingly, IT IS ORDERED that the August 31, 2012 (docket # 30) motion to
4 dismiss grounds two and three of the amended petition is granted, and this petition proceeds only
5 as to ground one of the petition, to which respondent must file an answer within 45 days, after
6 which petitioner has 45 days to file any traverse/reply.
7 DATED: November 19, 2012

         /s/ Gregory G. Hollows
   UNITED STATES MAGISTRATE JUDGE

GGH:009
espi0461.mtd